# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-61026-CV-ALTMAN

**BERNARD FISHER**,

      Plaintiff,

v.

**EARTH MEDIA CORPORATION** and
**MITTERA GROUP**,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Plaintiff's Complaint [ECF No. 1]. Because the Plaintiff has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). For the following reasons, the Plaintiff's Complaint [ECF No. 1] is hereby **DISMISSED without prejudice**.

A court may authorize a party to proceed *in forma pauperis* in any suit, or appeal thereof, so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a)(1). In such cases, however, the Court must perform a screening process and must dismiss a case if it determines that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

In this case, the Plaintiff has made claims of employment discrimination in violation of Title VII. *See* Compl. [ECF No. 1]. To bring a claim in federal court for violations of Title, a plaintiff must first obtain a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"). *See Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("Under Title VII, in cases where the EEOC does not file suit or obtain a conciliation agreement, the EEOC 'shall so notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .'"). The Plaintiff knew about this requirement before he filed suit. In fact, on the form Complaint he used for his filing, just below the box he checked for "Title VII," the form contains the following admonishment: "Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of right to Sue letter from the Equal Employment Opportunity Commission." *See* Compl. at 3.

The Plaintiff has not attached a copy of his "Notice of Right to Sue" letter. Nor has he explained his failure to do so. Based on the Plaintiff's failure to allege that he has complied with the conditions precedent to bringing a civil action under 42 U.S.C. § 2000e, *et seq.*, this case must be dismissed without prejudice.

On or before **June 24, 2019**, the Plaintiff may file an Amended Complaint that, among other things, supports the Plaintiff's contention that he timely filed a charge of discrimination with the EEOC. The Amended Complaint must include the date on which the charge was filed and describe in detail the allegations he made in that charge. The Plaintiff must also attach to that Amended Complaint the "right to sue" letter he received from the EEOC and note the date on which he received that letter.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. The Plaintiff may file an Amended Complaint that complies with this Order on or before **June 24, 2019**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of June 2019.

                                              **ROY K. ALTMAN**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    Bernard Fisher, *pro se*